UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHONDA MILLS,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>RESCARE WORKFORCE SERVICES, et al.,<br><br>　　　　　　　Defendants. | Case No. 2:20-cv-10860-FLA (JPRx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [DKT. 11]** |

# RULING

Before the court is Plaintiff Rhonda Mills' ("Plaintiff") Motion to Remand ("Motion"). Dkt. 11. For the reasons set forth below, the court DENIES Plaintiff's Motion.

# BACKGROUND

Plaintiff filed this action in Los Angeles County Superior Court on September 16, 2020 against Defendants Rescare Workforce Services; Rescare, Inc.; Bright Spring Health Services; Equus Workforce Solutions; Rescare Homecare; Rescare Residential Services; and Rescare California, Inc. Dkt. 1 at 22 (Exhibit A, "Compl.").[1] Plaintiff filed a First Amended Complaint ("FAC") on January 7, 2021. Dkt. 13 ("FAC").[2] Defendants Res-care, Inc. ("ResCare"), Res-care California, Inc. ("ResCare California"), and Arbor E&T, LLC, d/b/a Equus Workforce Solutions ("Equus"), (collectively, "Defendants") filed Answers to the FAC on January 28, 2021.[3] Dkts. 15, 16, 17.

---

[1] The court refers herein to page numbers of documents by the page numbers assigned by the court's CM/ECF header.

[2] On December 8, 2020, the court granted Plaintiff leave to file an amended complaint pursuant to stipulation by the parties. Dkt. 10. "[A]n amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (citations and quotation marks omitted). In their opposition, Defendants argue that the FAC "changes nothing with regard to the method in which the amount in controversy should properly be calculated." Dkt. 14 (Opp.) at 5 n. 1. Plaintiff does not dispute this point in her reply or otherwise demonstrate that the filing of the FAC affects the court's consideration of the subject Motion. *See generally* Dkt. 21 (Reply). Accordingly, the court will evaluate the parties' arguments based on the allegations of the FAC.

[3] Defendants state that Res-care, Inc., Res-care California, Inc., and Arbor E&T, LLC are the correct names for the Defendants that were sued as "Rescare, Inc.," "Rescare California Inc.," and "Equus Workforce Solutions" and further contend that the named Defendants "Rescare Workforce Services," "Rescare Homecare," and "Rescare Residential Services" are not legal entities and cannot be served with process or

2

Plaintiff brings the following causes of action against all Defendants: (1) violations of Cal. Lab. Code §§ 510 and 1198 for unpaid overtime; (2) violations of Cal. Lab. Code §§ 226.7 and 512(a) for unpaid meal period premiums; (3) violations of Cal. Lab. Code § 226.7 for unpaid rest period premiums; (4) violations of Cal. Lab. Code §§ 1194, 1197, and 1197.1 for failure to pay minimum wages; (5) violations of Cal. Lab. Code §§ 201 and 202 for failure to pay final wages timely; (6) violations of Cal. Lab. Code § 204 for failure to pay all wages earned during employment timely; (7) violations of Cal. Lab. Code § 226(a) for non-compliant wage statements; (8) violation of Cal. Lab. Code § 1174(d) for failure to keep accurate and complete payroll records; (9) violations of Cal. Lab. Code §§ 2800 and 2802 for failure to reimburse necessary business expenses; and (10) violations of Cal. Bus. & Prof. Code § 17200, et seq. (the Unfair Competition Law, "UCL"). Dkt. 13 (FAC) ¶¶ 53-127.

Plaintiff proposes the following class in the FAC: "All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from September 16, 2016 to final judgment and who reside in California." *Id.* ¶ 19.

Defendants removed the action to federal court on November 30, 2020. Dkt. 1. In the Notice of Removal, Defendants stated this court has jurisdiction over the action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). *Id.* at 4. Plaintiff filed the instant Motion to Remand on December 30, 2020. Dkt. 11 (Mot.).

---

otherwise answer or respond to the Complaint. Dkt. 1 (Not. Rem.) at 2-3; Dkt. 1-2 (Eisenmenger Decl.) ¶¶ 2-5. Defendants further state that BrightSpring Health Services is an assumed name of ResCare and cannot separately be served with process or answer the Complaint. Dkt. 1 (Not. Rem.) at 3; Dkt. 1-2 (Eisenmenger Decl.) ¶ 3. Plaintiff does not specifically address this assertion in the Motion and did not name ResCare, ResCare California, and Equus as Defendants in the subsequently-filed FAC. *See generally* Mot.; Dkt. 13 (FAC). Nevertheless, Plaintiff's Motion appears to accept ResCare, ResCare California, and Equus as the proper Defendants in this action. *See* Mot. 1. Accordingly, the court will accept ResCare, ResCare California, and Equus as the real parties in interest, for purposes of the subject Motion.

1  The action was transferred to this court on January 5, 2021. Dkt. 12. Defendants filed
2  an opposition to the Motion on January 21, 2021, and Plaintiff filed a reply on
3  February 3, 2021. Dkt. 14 (Opp.); Dkt. 21 (Reply). On May 24, 2021, the court
4  ordered the parties to submit supplemental briefing regarding the amount in
5  controversy, which the parties filed on June 4, 2021. Dkts. 29, 32, 33. The Motion
6  came to hearing on June 18, 2021. Dkt. 36.

## DISCUSSION

### I.  Procedural Considerations and Timeliness of Opposition

Plaintiff argues the court should disregard Defendants' opposition because it was filed one day after the operative deadline pursuant to the Initial Standing Order in effect at the time the Motion was filed. Dkt. 21 (Reply) at 5.[4] Under the Initial Standing Order, the opposition to a motion set for hearing more than 70 days from the date of the filing of the motion was due no later than 21 days after the filing of the motion. Dkt. 6 at 8. Plaintiff filed the Motion on December 30, 2020, with a noticed hearing date of May 3, 2021. Dkt. 11. As May 3, 2021 was more than 70 days from December 30, 2020, Defendants' opposition was due on or before January 20, 2021. *See* Dkt. 6 at 8.

Defendants filed their opposition on January 21, 2021, without any explanation for the delayed filing; thus, the opposition was untimely. Dkt. 14. Nevertheless, the court recognizes that January 21, 2021 was Inauguration Day, and while the court remained open on that date, some calendars marked that date as a holiday.[5] Accordingly, the court will exercise its discretion to consider the opposition (Dkt. 14) and attached Supplemental Eisenmenger Declaration (Dkt. 14-1).

///

---

[4] This court entered the operative Standing Order on February 23, 2021. Dkt. 23.

[5] Pursuant to 5 U.S.C. § 6103(c), Inauguration Day qualifies as a federal holiday only for federal employees in the Washington, D.C. area.

4

## II. Jurisdiction Under CAFA

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citations and quotation marks omitted). Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a civil action filed in state court to federal court only where the district court would have original jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "A defendant seeking removal must file in the district court a notice of removal 'containing a short and plain statement of the grounds for removal….'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citing 28 U.S.C. § 1446(a)).

The Class Action Fairness Act provides that a federal district court may exercise subject matter jurisdiction over a putative class action in which: (1) the aggregate number of members of all proposed plaintiff classes is 100 or more persons; (2) the parties are "minimally diverse" (where any one plaintiff is a citizen of a state different from any defendant); and (3) the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2007). Congress intended CAFA to be interpreted expansively. *Ibarra*, 775 F.3d at 1197. "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

### A. Class Size

Defendants contend the action meets the minimum class size limit for CAFA jurisdiction because ResCare employed approximately 674 non-exempt, hourly employees in California during the relevant time period. Dkt. 1 (Not. Rem.) at 4-5; Dkt. 1- (Eisenmenger Decl.) ¶ 7. Plaintiff does not challenge the removal of this action on this basis. *See generally* Dkt. 11 (Mot.). Accordingly, the court finds the putative class meets the minimum size requirements of CAFA. *See* 28 U.S.C. § 1332(d)(5)(B).

### B.   Minimal Diversity

Defendants contend minimal diversity exists because Plaintiff is a resident of the State of California while Defendants are not California residents. Dkt. 1 (Not. Rem.) 16; Dkt. 1-2 (Eisenmenger Decl.) ¶¶ 3-5; *see also* Dkt. 13 (FAC) ¶¶ 3-5. According to Defendants, ResCare and Equus are Kentucky corporations, ResCare California is a Delaware corporation, and all Defendants maintain their principal places of business in the State of Kentucky. Dkt. 1 (Not. Rem.) 16; Dkt. 1-2 (Eisenmenger Decl.) ¶¶ 3-5. Plaintiff does not challenge the removal of this action on this basis. *See generally* Dkt. 11 (Mot.). The court, therefore, finds the action meets the minimal diversity requirements of CAFA. *See* 28 U.S.C. § 1332(d)(2)(A).

### C.   Amount in Controversy

#### 1.   Legal Standard Regarding the Amount in Controversy

"In determining the amount in controversy, courts first look to the complaint." *Ibarra*, 775 F.3d at 1197. "Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). "[A]s specified in [28 U.S.C.] § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 89. "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 87. "Evidence establishing the amount is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

The Ninth Circuit has identified "three principles that apply in CAFA removal cases." *Arias v. Residence Inn*, 936 F.3d 920, 922 (9th Cir. 2019).

> First, a removing defendant's notice of removal "need not contain evidentiary submissions" but only plausible allegations of the jurisdictional elements. Second, when a defendant's allegations of removal jurisdiction are challenged, the defendant's showing on the amount in controversy may rely on reasonable assumptions. Third,

> when a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy.

*Id.* (citations omitted). "[I]n assessing the amount in controversy, a removing defendant is permitted to rely on 'a chain of reasoning that includes assumptions.'" *Id.* at 925 (quoting *Ibarra*, 775 F.3d at 1199). "Such 'assumptions cannot be pulled from thin air but need some reasonable ground underlying them.'" *Id.* (quoting *Ibarra*, 775 F.3d at 1199). "An assumption may be reasonable if it is founded on the allegations of the complaint." *Id.*

"[T]he plaintiff can contest the amount in controversy by making either a 'facial' or a 'factual' attack on defendant's jurisdictional allegations." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020) (citing *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020)). "A 'facial' attack accepts the truth of the defendant's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Id.* (citing *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quotation marks and brackets omitted)). "For a facial attack, the court, accepting the allegations as true and drawing all reasonable inferences in the defendant's favor, 'determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction.'" *Salter*, 974 F.3d at 964 (quoting *Leite*, 749 F.3d at 1121).

"A factual attack 'contests the truth of the … allegations' themselves. *Harris*, 980 F.3d at 699. "When a plaintiff mounts a factual attack, the burden is on the defendant to show, by a preponderance of the evidence, that the amount in controversy exceeds the $5 million jurisdictional threshold." *Id.* (citing *Ibarra*, 775 F.3d at 1197). Although a plaintiff may rely on evidence to mount a factual attack, "[a] factual attack … need only challenge the truth of the defendant's jurisdictional allegations by making a reasoned argument as to why any assumptions on which they are based are not supported by evidence." *Harris*, 980 F.3d at 700. When a defendant's assertion of the amount in controversy is challenged, both sides may

1  submit proof, and "the court decides, by a preponderance of the evidence, whether the
2  amount-in-controversy requirement has been satisfied." *Ibarra*, 775 F.3d at 1197
3  (citing *Dart*, 574 U.S. at 88).

### 2.  Whether Plaintiff Raises a Facial or a Factual Challenge to Defendants' Notice of Removal

Defendants contend Plaintiff lodges only a facial attack on the Notice of Removal, rather than a factual attack, because Plaintiff has not offered a declaration or any other type of evidence to challenge the evidence contained in the Notice of Removal. Dkt. 14 (Opp.) at 9; Dkt. 32 (Def. Suppl. Br.) at 7. Defendants cite *Salter*, 974 F.3d at 963, to argue that the Ninth Circuit has held in comparable circumstances that a plaintiff mounted only a facial attack to a removal notice alleging CAFA jurisdiction, where the plaintiff "did not offer any declaration or evidence that challenged the factual bases of [the defendant's] plausible allegations" and "argued only that [the defendant] 'must support its assertion with competent proof.'" Dkt. 14 (Opp.) at 7-8. Defendants, thus, assert they were required only to "include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and that the court should determine whether the allegations are sufficient to invoke the court's jurisdiction under CAFA after accepting their allegations, assumptions, and calculations as true. Dkt. 14 (Opp.) at 8-9 (citing *Salter*, 974 F.3d at 964); Dkt. 32 (Def. Suppl. Br.) at 3-4.[6]

Plaintiff does not directly address this argument or *Salter* in her reply but argues instead that the Ninth Circuit has recently held in *Harris*, 980 F.3d at 700, that a defendant failed to meet its burden to establish jurisdiction because it failed to provide any evidence to support its assumptions. Dkt. 21 (Reply) 2-3 (citing *Wilson v. IKEA*

---

[6] According to Defendants, their obligation to present summary judgment-type evidence would arise only after Plaintiff made a similar summary judgment-quality factual challenge to the court's jurisdiction, which they contend has not occurred here. Dkt. 14 (Opp.) at 8.

*N. Am. Servs., LLC*, Case No. 20-cv-09075-CJC (ASx), 2020 WL 7334486, at *2 (discussing *Harris*, 980 F.3d at 701)). After considering the parties' arguments, the court agrees with Defendants that Plaintiff has presented a facial attack on the jurisdictional allegations, rather than a factual attack, with one exception which will be discussed separately below.

In *Salter*, 974 F.3d at 964, the Ninth Circuit held that the plaintiff mounted a facial attack only, where the plaintiff "did not challenge the rationality, or the factual basis, of [the defendant's] assertions" and argued only that the defendant failed to support its assertions with competent proof. There, the district court granted the plaintiff's motion to remand after "fault[ing] [the defendant's] presentation as relying on the 'unsupported and conclusory statements in [a supporting] declaration.'" The Ninth Circuit reversed the district court's order, recognizing that "a removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of jurisdictional elements," *id.* (citing *Arias*, 936 F.3d at 922) (internal quotation marks omitted), and that "a defendant may simply allege or assert that the jurisdictional threshold has been met," *id.* (citing *Dart*, 574 U.S. at 88-89) (internal quotation marks omitted).

The Ninth Circuit issued *Harris*, 980 F.3d 694, the following year. *Harris* began by reaffirming *Salter*, and its distinction between a "facial" and "factual" attack on a defendant's jurisdictional allegations.[7] *Harris*, however, distinguished *Salter* based on the pleadings and facts at hand, and held that the *Harris* plaintiff had

---

[7] Plaintiff cites cases including *Rodriguez v. US Bank Nat'l Ass'n*, Case No. 2:16-cv-05590-CAS (RAOx), 2016 WL 5419403 (C.D. Cal. Sept. 26, 2016), to argue that Defendants are required to produce "summary-judgment type evidence" of the amount in controversy, if it is indeterminate from the face of the complaint that the jurisdictional threshold is met. Dkt. 11 (Mot.) 11; Dkt. 21 (Reply) 4. Plaintiff's cited cases predate the Ninth Circuit's rulings in *Harris*, 980 F.3d 694, *Salter*, 974 F.3d 959, and *Arias*, 936 F.3d 920. To the extent these cases are submitted for the proposition that summary-judgment type evidence is required on a facial challenge to the court's CAFA jurisdiction, these cases no longer represent good law.

sufficiently presented a factual challenge to the defendant's notice of removal because he presented a reasoned argument disputing the factual basis of the defendant's jurisdictional allegations. *Id.* at 700-01.

There, the plaintiff had asserted representative claims on behalf of multiple putative classes and subclasses of employees, including a cause of action for labor violations suffered by an "Hourly Employee Class" and separate causes of action based on subclasses including a "Meal Period-Sub-Class" and a "Rest Period Sub-Class." *Id.* at 697. The *Harris* defendant removed the action to federal court, invoking CAFA jurisdiction. *Id.* The plaintiff filed a motion to remand, challenging, inter alia, the defendant's assumption that all putative Hourly Employee Class members were also members of the Meal Period subclass and the Rest Period subclass throughout the relevant time period. *Id.* at 698-99. The district court granted the plaintiff's motion to remand, finding the defendant "had failed to establish the amount-in-controversy by a preponderance of the evidence because no evidence supported [the defendant's] assumption that the 442 potential class members regularly, or at least more often than not worked the requisite numbers of hours that would have entitled them to meal or rest periods." *Id.* at 699 (quotation marks and brackets omitted).

The Ninth Circuit affirmed, holding that the plaintiff had lodged a factual attack, as he "sufficiently disputed the factual basis of [the defendant's] assumption that all Hourly Employee Class members had suffered one meal and two rest period violations per workweek across 39,834 workweeks by attacking the assumption's factual underpinnings." *Id.* at 701. The court further held that the defendant failed to carry its burden on a factual challenge, because it relied on assumptions regarding the Meal Period and Rest Period subclasses that were unsupported by evidence and, thus, unreasonable. *Id.*

*Harris*, however, does not establish that a defendant cannot rely on declarations and must present underlying evidence in support of its jurisdictional allegations, as

10

Plaintiff would suggest, but that a plaintiff can mount a factual challenge without presenting evidence by presenting a reasoned argument that demonstrates that a factual assumption on which the defendant relies is not supported by the defendant's plausible allegations of the jurisdictional elements or any other evidence. *See id.* at 700-01.

Here, Defendants' Notice of Removal states ResCare employed approximately 674 putative class members who worked an aggregate total of 54,002 workweeks during the relevant time period. Dkt. 1 (Not. Rem.) at 5 (citing Dkt. 1-2 (Eisenmenger Decl.) ¶¶ 7, 10). Like *Salter*, Plaintiff does not challenge the factual truth of Defendants' jurisdictional assertions and, instead, argues that the supporting Eisenmenger declaration does not constitute summary judgment-type evidence sufficient to establish Defendants' burden on a factual challenge.[8] *See generally* Dkt. 11 (Mot); Dkt. 21 (Reply); Dkt. 33 (Pl. Supp. Br.).

Plaintiff's arguments center on Eisenmenger's personal knowledge of the information contained in Defendants' employment records and her failure to include

---

[8] Plaintiff cites cases including *Contreras v. J.R. Simplot Co.*, Case No. 2:17-cv-00585-KJM-EFB, 2017 U.S. Dist. LEXIS 166359, at *7-8 (E.D. Cal. Oct 5, 2017) and *Rinaldi v. Dolgen Cal. LLC*, Case No. 2:16-cv-02501-KJM-EFB, 2017 U.S. Dist. LEXIS 126540, at *9 (E.D. Cal. Aug. 8, 2017), to argue that a defendant's amount in controversy calculation is unjustified where the only evidence provided by the defendant is a declaration by a payroll supervisor and no corroborating documents are provided. Dkt. 11 (Mot.) 6-9. Plaintiff additionally cites *Weston v. Helmerich & Payne Int'l Drilling Co.*, Case No. 1:13-cv-01092-LJO-JLT (E.D. Cal. Sept. 17, 2013), to argue that Eisenmenger's assertions are deficient because she did not provide any explanation of her calculations. Dkt. 11 (Mot.) 14.

Plaintiff's cited cases predate *Harris*, 980 F.3d 694, and *Salter*, 973 F.3d 959, and, to the extent these cases are submitted for the proposition that summary-judgment type evidence is required on a facial challenge to the court's CAFA jurisdiction, no longer represent good law. The continued validity of *Weston* is further questionable, given the Supreme Court's clarification in *Dart*, 574 U.S. at 89, that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court."

11

detailed calculations or to attach supporting evidence to her declaration, rather than the validity of her factual assertions of the putative class size and potential number and scope of violations.[9] *See generally* Dkt. 11 (Mot); Dkt. 21 (Reply). The circumstances here, however, are more similar to *Salter* than *Harris*, as the Complaint identifies only one putative class, and Plaintiff has not pleaded separate subclasses or identify any jurisdictional allegations that are inconsistent with or not supported by Eisenmenger's declaration. *See generally* Dkt. 11 (Mot); Dkt. 21 (Reply).

      Plaintiff contends she has raised a factual attack by challenging Defendants' unsupported assumptions regarding the rate of violations with respect to each claim. *See generally* Dkt. 11 (Mot); Dkt. 21 (Reply). The court disagrees and finds that Defendants' assumptions are reasonable given that the Complaint and FAC do not state any facts to apprise Defendants of an alleged violation rate and that Plaintiff does not identify any such facts in her Motion. *See*, *e.g.*, Dkt. 1 at 29 (Compl.) ¶ 30 ("Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California"); *see generally* Dkt. 13 (FAC); Dkt. 11 (Mot.); Dkt. 21 (Reply).

      "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [a] defendant's liability" and "reflects the *maximum* recovery [a] plaintiff could reasonably recover." *Arias*, 936 F.3d at 927 (italics in original). Absent any facts presented, Plaintiff's challenge to Defendants' estimated violation rate is purely speculative and does not qualify as "a reasoned

---

[9] The court finds Eisenmenger sufficiently establishes personal knowledge of the facts stated in her declaration because she attests she is a Senior Vice President of Cash Disbursements for ResCare and is familiar with the corporate organization, workforce distribution, payroll information, and general business affairs of ResCare and its subsidiaries and affiliate entities, and declares she personally reviewed the records and compiled the data to which she testifies. Dkt. 1-2 (Eisenmenger Decl.) ¶¶ 1, 6; Dkt. 14-1 (Suppl. Eisenmenger Decl.) ¶¶ 3-4.

argument as to why any assumptions on which [Defendants' jurisdictional allegations] are based are not supported by evidence," as contemplated by *Salter* and *Harris*. *See Salter* 974 F.3d at 965 (finding plaintiff mounted a facial challenge where he failed to show any of defendant's essential assumptions were unreasonable); *cf. Harris*, 980 F.3d at 700-01 (finding plaintiff made a reasoned argument by challenging defendant's assumption that the members of subclasses were identical to and worked the same number of workweeks as main class).

      If Plaintiff wanted to limit Defendants' assumed rate of violations, Plaintiff could have alleged facts within the Complaint or FAC sufficient to reasonably apprise Defendants of the scope of her claims.[10] Furthermore, Plaintiff does not actually challenge the truth of Defendants' factual assertions and instead challenges only whether Defendant has presented summary judgment-type evidence sufficient to prove these assertions by a preponderance of the evidence. This argument is insufficient to convert Plaintiff's facial attack on Defendants' jurisdictional allegations into a factual attack.[11]

---

[10] In her supplemental brief, Plaintiff provides estimates for her individual damages based on the Plaintiff's time and wage records produced by Defendants. Dkt. 33 (Pl. Supp. Br.) 2. Plaintiff states that she otherwise does not have sufficient information to accurately prepare damages calculations and has not presented a declaration or otherwise stated that Defendants' records accurately reflect her individual damages. *Id.* Furthermore, Plaintiff does not offer any reasoned argument or evidence to establish that her former position with Defendants, her individual claims, the rate of violations she allegedly suffered, and her individual damages are representative of the potential class members. To the contrary, she expressly admits that she does not have sufficient information to accurately prepare damages calculations at this time. *Id.* The court, thus, finds that any estimate of class damages extrapolated from Plaintiff's asserted individual damages would be too speculative and uncertain to present a factual challenge to Defendants' jurisdictional allegations.

[11] Any contrary holding would allow class action plaintiffs to turn every facial challenge to a defendant's notice of removal asserting CAFA jurisdiction into a factual challenge, simply by being vague as to the scope of their claims and claimed

13

1    The one exception to Plaintiff's facial attack in the Motion is her argument
regarding Defendants' statement in the Notice of Removal that "Defendant's records
report that 2,238 alleged class members worked an aggregate total of 82,358
workweeks from October 19, 2014 through December 3, 2018," for a total estimated
amount of $999,826,12 in unpaid wages. Dkt. 11 (Mot.) at 14. According to Plaintiff,
this statement renders Defendants' amount in controversy calculations inaccurate
because such information is not present in the Eisenmenger Declaration and is
calculated beginning on a date outside the covered period of this action. *Id.* As in
*Harris*, 980 F.3d at 700-01, this argument challenges the factual assumptions
underlying a portion of the Notice of Removal and constitutes a factual challenge to
the jurisdictional allegations.

   The identified statement, however, appeared only once in the Notice of
Removal, and the asserted amount in controversy ($999,826.12) was not included in
Defendants' final calculation of the total amount in controversy. *See* Dkt. 1 (Not.
Rem.) at 14. All other calculations, and all of the estimated amounts on which
Defendants rely, were based on an estimated putative class size of 674 members and
an aggregate total of 54,002 workweeks worked between September 16, 2016 through
November 23, 2020. *See generally*, Dkt. 1 (Not. Rem.). The identified paragraph is
completely divorced from Defendants' conclusions regarding the amount in
controversy and appears to have been included in the Notice of Removal in error. *See*
Dkt. 1 (Not. Rem.) at 14. The court, therefore, finds that Plaintiff's argument

---

damages and arguing that the defendants' maximum estimate of the plaintiffs' recovery is unreasonable without presenting any facts, as Plaintiff attempts here. Such a result would force defendants to present evidence under a summary judgment standard in every instance, rendering null the principles that a defendant's notice of removal "need not contain evidentiary submissions but only plausible allegations of jurisdictional elements" and that a defendant "may simply allege or assert that the jurisdiction threshold has been met," as stated in *Dart*, 574 U.S. at 88-89, *Arias*, 936 F.3d at 922, and *Salter*, 641 F.3d at 964-65.

14

regarding this paragraph does not affect the court's analysis or convert the Motion to a factual challenge.

As Plaintiff, in relevant part, does not challenge the truth of Defendants' factual allegations and challenges only the sufficiency of their presentation under a summary judgment-type standard, these arguments present only a facial attack on the notice of removal, rather than a factual attack. *See Salter*, 974 F.3d at 964. The court, therefore, finds the Motion, in relevant part, mounts only a facial attack on Defendants' jurisdictional allegations.

### 3. Sufficiency of Defendants' Jurisdictional Allegations

As stated, "[f]or a facial attack, the court, accepting the allegations as true and drawing all reasonable inferences in the defendant's favor, 'determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction.'" *Salter*, 974 F.3d at 964 (quoting *Leite*, 749 F.3d at 1121). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability" and "reflects the *maximum* recovery the plaintiff could reasonably recover." *Arias*, 936 F.3d at 927 (emphasis in original).

Plaintiff's first cause of action is for unpaid overtime in violation of Cal. Labor Code §§ 510 and 1198. Dkt. 1 at 32-33 (Compl.) ¶¶ 52-60; Dkt. 13 (FAC) ¶¶ 53-61. Plaintiff alleges, in relevant part:

> During the relevant time period, Defendants failed to pay overtime wages to Plaintiff and the other class members for all overtime hours worked. Plaintiff and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation for all overtime hours worked.

Dkt. 13 (FAC) ¶ 43; *see also id*. ¶¶ 58-59. Plaintiff seeks to recover "unpaid overtime compensation, as well as interest, costs, and attorneys' fees." Dkt. 13 (FAC) ¶ 61.

Plaintiff's second and third causes of action are for unpaid meal period and rest break premiums in violation of Cal. Labor Code §§ 226.7 and 512(a). Dkt. 1 at 32-33

(Compl.) ¶¶ 61-80; Dkt. 13 (FAC) ¶¶ 62-84. In support of her second claim for missed meal breaks, Plaintiff alleges:

> During the relevant time period, Defendants intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate Plaintiff and the other class members the full meal period premium for work performed during meal periods.

Dkt. 13 (FAC) ¶ 69. Similarly, in support of her third claim for missed rest breaks, Plaintiff alleges:

> During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.

*Id.* ¶ 81. Plaintiff seeks to recover "one additional hour of pay at the employee's regular rate of compensation for each work day" that the meal or rest period was not provided. *Id.* ¶¶ 74, 84.

Defendants assert that ResCare employed approximately 674 putative class members during the relevant time period, who worked an aggregate total of 54,002 workweeks during the identified class period. Dkt. 1 (Not. Rem.) at 5 (citing Dkt. 1-2 (Eisenmenger Decl.) ¶¶ 7, 10). For the first cause of action, Defendants assume each class member worked one hour of overtime per week, for a potential amount in controversy of $1,684,862.40 on this claim. Dkt. 1 (Not. Rem.) at 7; Dkt. 14 (Opp.) at 17-18. For the second and third causes of action, Defendants assume each putative class member missed one meal break per shift longer than 5 hours and missed one rest break per shift longer than 3.5 hours, for total estimated potential damages of $3,676,982.40 and $3,755,689.60, respectively, on these claims. Dkt. 1 (Not. Rem.) at 7-8; Dkt. 14 (Opp.) at 11-14. Defendants' calculated potential liability for the first three causes of action exceeds $9 million, and their total estimate on all of Plaintiff's claims exceeds $13 million (rising to over $16.5 million when anticipated attorney's fees of 25% are additionally considered). Dkt. 14 (Opp.) at 14.

16

The court finds Defendants' assumptions are plausible and present a reasonable estimate of Defendants' maximum potential liability and the maximum damages the putative class could reasonably recover. *See Salter*, 974 F.3d at 965 (recognizing "plausible allegations" rely on "reasonable assumptions" and vacating district court's remand order); *Arias*, 936 F.3d at 926-27 (vacating district court's remand order and remanding case to district court after finding total amount in controversy calculations based on personnel and payroll data presented in a declaration from human resources officer plausible). Defendants, thus, have met their burden to demonstrate that the amount in controversy satisfies the $5 million jurisdictional minimum for CAFA jurisdiction. *See* 28 U.S.C. § 1332(d)(2).[12]

## CONCLUSION

For the foregoing reasons, the court DENIES Plaintiff's Motion to Remand.

IT IS SO ORDERED.

Dated: March 22, 2022

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

---

[12] The court's conclusion would remain the same even if it were to evaluate Plaintiff's challenge as a factual attack to Defendants' jurisdictional allegations. While Plaintiff argues that Defendants' estimates should be completely disregarded because they are speculative and not supported by competent evidence, the Ninth Circuit recently held in *Jauregui v. Roadrunner Transportation Services*, No. 22-55058, 2022 U.S.App. LEXIS 6932, __F.4th __, at *10-15, that a district court should not simply reject a removing defendant's estimate of a claim when it disagrees with a single assumption underlying the claim valuation and should, instead, consider the defendant's assumptions in light of assumptions presented by the plaintiff. For the reasons stated, Defendants' presented evidence is clearly sufficient to satisfy the $5 million jurisdictional threshold.